SEAN M. NOVAK, ESQ. (BAR NO. 198307)
THE NOVAK LAW FIRM, P.C.
2609 N. Sepulveda Blvd.
Manhattan Beach, CA 90266
Tel: (310) 921-8712
Fax: (310) 921-8732
Email: service@novaklawfirm.com

Attorney for Plaintiff
JACKIE TRUMAN

# UNITED STATES DISTRICT COURT-

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE TRUMAN,<br><br>                Plaintiff,<br><br>        vs.<br><br>FILMHUB; EVERETT ANDERSON;<br>DOES 1 to 25, inclusive.<br><br>                Defendants.<br>_____ | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. BREACH OF WRITTEN CONTRACT;**<br>**2. FRAUD/INTENTIONAL MISREPRESENTATION OF FACTS/DECEIT;**<br>**3. COPYRIGHT INFRINGEMENT-VIOLATION OF 17 U.S.C §501 et seq.**<br>**4. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**5. CONVERSION;**<br>**6. UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 et seq.;**<br>**7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>**8. NEGLIGENCE**<br><br>[DEMAND FOR JURY TRIAL] |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

COMES NOW Plaintiff JACKIE TRUMAN (hereinafter referred to as "Plaintiff") alleging causes of action against Defendants FILMHUB; EVERETT ANDERSON; DOES 1 to 25, inclusive(collectively hereinafter "Defendants"), and each of them, alleges as follows:

I

**COMPLAINT FOR DAMAGES**

1.   At all relevant times Plaintiff JACKIE TRUMAN was and is an individual who is a resident of the State of California, living in the County of Los Angeles in the State of California.

2.   Plaintiff is informed and believes, and thereon alleges, that at all material times Defendant FILMHUB was and is a California corporation, authorized to conduct business, and conducting business, in the State of California, with a principal place of business located in the County of Los Angeles, State of California.

3.   Plaintiff is informed and believes, and thereon alleges, that at all material times Defendant EVERETT ANDERSON was and is an individual who is a resident of the State of California, living in the County of Los Angeles in the State of California.

4.   The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants designated herein as DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint at such time as the true names and/or capacities are ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, and unlawfully responsible in some manner for the events and happenings herein referred to and proximately caused injury and damages to Plaintiff as herein alleged.  Alternatively, that some of the said DOES may be an heir-at-law presently unknown to Plaintiff.  Plaintiff hereafter asks leave of Court to amend this Complaint to show said Defendants' true names and capacities after the same have been ascertained.

5.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned Defendants FILMHUB, ANDERSON, DOES 1 through 25, inclusive, and each of them, were the agents, representatives and/or employees of each other and were acting within the purpose and scope of their agency.  The acts and conduct alleged herein of each such Defendants were known to, authorized and ratified by each such Defendant.  It is further

2

**COMPLAINT FOR DAMAGES**

alleged, in the alternative, that some or each of the Defendants acted at times independently of all other defendants to cause damage and injury to Plaintiff.

6.   Plaintiff is informed and believe, and thereon allege, that at all times herein mentioned, the Defendants, and each of them, were engaged in a joint venture and common enterprise and were acting within the scope of and in pursuance of the joint venture and common enterprise.

7.   Effective May 2, 2023, Plaintiff became the legal owner and sole copyright Claimant relating to a the dramatic work, music and choreography of a work titled "Deadbeat", with a Registration Number of PAu004191808.

8.   Effective August 25, 2023, Plaintiff is the legal owner and sole copyright Claimant of a registered Copyright in the Motion Picture work entitled "Deadbeat", with Registration Number PAu004195732.

9.   In or about October, 2023 the Defendant ANDERSON made a preliminary agreement with Plaintiff to promote and distribute her registered copyright Motion Picture work entitled "Deadbeat".

10.   In or about October, 2023, the Defendant ANDERSON represented to Plaintiff that he had "connections" with individuals at Google/YouTube, and could secure an agreement with Google/YouTube to stream Plaintiff's copyrighted work entitled "Deadbeat" on their platform(s) for compensation.

11.   Furthermore, in or about October, 2023, Defendant ANDERSON represented to Plaintiff that he had connections with Defendant FILMHUB, who would work with them to ensure Plaintiff's copyrighted material was distributed for commercial purposes with substantial economic benefit to Plaintiff.

12.   Commencing in or about February, 2024, Plaintiff is informed and believes that her copyrighted work entitled "Deadbeat" was distributed by Defendants ANDERSON and FILMHUB to on-line distribution platforms for commercial purposes.

3

**COMPLAINT FOR DAMAGES**

13. At the time Defendants began exploiting Plaintiff's copyrighted material for commercial purposes, Plaintiff was advised that the profits from the on-line streaming/distribution of her copyrighted materials would be deposited in a bank account and that Plaintiff would be given access to these funds.

14. On or about May 24, 2024, Plaintiff first inquired to Defendant ANDERSON and Defendant FILMHUB as to her ability to access funds represented to her by Defendants that would be available to her from the streaming profits.

15. Defendants ignored Plaintiff's inquiry. Meanwhile, Plaintiff is informed and believes, and thereupon alleges, that Defendants continuously were exploiting Plaintiff's copyrighted material for their own personal profit.

16. On June 13, 2024 the Plaintiff became aware that in excess of $100,000.00 in revenue had been generated, purportedly for her, in the streaming of her copyrighted material. As of that date, Plaintiff is informed and believes that Defendants, and each of them, diverted the entirety of these profits from Plaintiff.

17. Plaintiff is informed and believes, and thereupon alleges that at all relevant times, including at the time of the filing of the Complaint against Defendants, and each of them, these Defendants, and each of them, knowingly and intentionally deceived Plaintiff for the purposes of exploiting her copyrighted materials for their own personal financial gain.

18. Plaintiff is further informed and believes, and thereupon alleges, that in spite of this knowledge, Defendants, and each of them, have refused to provide any assistance to Plaintiff in recovering the funds, have refused to reimburse Plaintiff for the theft of these funds these Defendants have taken and/or knowingly allowed and/or actively conspired to facilitate the taking of, in violation of the law and any and all implied or express contracts between the parties.

**COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### (Breach of Written Contract)

(Alleged Against Defendants)

19. Cross-Complainant incorporates herein by reference all the allegations set forth in paragraphs 1 through 18,inclusive, in their entirety as if fully set forth herein and with the same force and effect.

20. At all relevant times the Plaintiff and Defendants ANDERSON, FILMHUB, DOES 1 through 25, inclusive, and each of them had in force and effect valid written contracts. The terms of the written contracts are expressed herein in haec verba, and are incorporated by reference in their entirety.

21. The express terms of the contract between the parties includes terms that include but are not limited to the guarantee that funds generated by the online streaming or distribution of Plaintiff's copyrighted work entitled "Deadbeat" would be paid to Plaintiff promptly upon receipt from digital distribution services.

21. On or about June 13, 2024 the Plaintiff became aware of unauthorized withdrawals of in excess of $100,000.00 from accounts Defendants had misrepresented to Plaintiff were for her use and access. Plaintiff promptly notified Defendants of said unauthorized transactions in compliance with the written contract between the parties.

22. In spite of repeated requests for access to accounts, Defendants, and each of them, ignored Plaintiff and refused to give her access to accounts that they represented to her were set up for her access and benefit.

23. Plaintiff is informed and believes, and herein alleges, that Defendants never intended to send any payments to Plaintiff related to the distribution and exploitation of her copyrighted materials. Such failure to distributed funds to Plaintiff by Defendants was a direct violation of the terms of the "Agreements" between the parties.

24. The relevant written contract between the parties remains in force and effect. At all times Plaintiff has complied with all of Plaintiff's obligations under the contract between the parties.

5

**COMPLAINT FOR DAMAGES**

25.   Defendants, and each of them, by their acts and omissions, knowingly and intentionally breached the terms of said written contracts.

26. Plaintiff has been substantially harmed financially, and in reputation, as a direct result of Defendants' wrongful breach of the said written contracts, as alleged herein. There is now due and owing from Defendants, and each of them, the full amount of Plaintiff's losses, subject to proof at trial, and legal interest on the principal amount for the period commencing in February, 2024 and continuing up through the present time.

27.   As a further direct result of the Defendants' wrongful breach of the said contract, as alleged herein, Plaintiff has been without the use of such funds.  The reasonable and foreseeable monetary damage resulting from such loss of use is presently not fully ascertained, but subject to proof at trial.

28.  As a further direct and proximate result of the wrongful breach of the said oral contract by Defendants, and each of them, as alleged herein, Plaintiff has incurred costs and expenses for prosecution of the present action, expert witness fees, attorney fees, and costs and expenses in prosecuting the present action, all in an amount not yet fully ascertained, but to be shown according to proof at trial.

**SECOND CAUSE OF ACTION**

**(Fraud/Intentional Misrepresentation of Facts/Deceit)**

(Alleged Against Defendants ANDERSON, FILMHUB, DOES 1 through 25, inclusive)

29. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 28, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

30.   Defendants, and each of them, have engaged in fraudulent, deceitful and malicious misconduct include, but are not limited to:

    A.   Intentionally inducing Plaintiff to open and use accounts with Defendants by promising Plaintiff that Plaintiff's funds would be safe and secure, when Defendants knew such promises were untrue;

6

**COMPLAINT FOR DAMAGES**

B. Misrepresenting to Plaintiff that Defendants would abide by and honor the terms of the express contracts between the parties, when Defendants had no intention to abide by said Agreement;

C. Accessing accounts and funds without Plaintiff's knowledge, consent or approval;

D. Knowingly and fraudulently concealing from Plaintiff that Defendants were taking funds intended for Plaintiff;

E. Conspiring with themselves and/or third parties to steal funds from accounts intended for Plaintiff;

F. Fraudulently concealing from Plaintiff the Defendants' active and intentional participation in the fraudulent scheme to steal funds from Plaintiff;

31. Plaintiff is informed and believes and thereupon alleges that at all relevant times Defendants, and each of them, intentionally engaged in the above-referenced misconduct for their own personal gain, .

32. Defendants perpetrated said fraud, and additional fraudulent acts currently unknown to Plaintiff, by and through their managing agents and officers, and in furtherance of a conspiracy to convert funds from Plaintiff.

33. Defendants in furtherance of their fraud, specifically made material misrepresentations to Plaintiff on and after and about October, 2023 and continuing until the present.

34. Plaintiff is further informed and believes, and thereupon alleges, that at all relevant times Defendants engaged in fraudulent and deceitful misconduct in an effort to lull Plaintiff into a false sense of security, while secretly seeking to prevent Plaintiff from exercising Plaintiff's legal rights to recover the funds taken by Defendants and/or with Defendants' knowledge and consent.

35. At all relevant times all misrepresentations made by Defendants, and each of them, to Plaintiff were false.

7

**COMPLAINT FOR DAMAGES**

36.  At the time Defendants, and each of them, made their misrepresentations to Plaintiff, Defendants knew said misrepresentations to be false.  These misrepresentations were made in a deliberate effort to deceive and defraud Plaintiff, and to induce him to act in reliance on these misrepresentations in the manner hereinafter alleged, or with the expectation that Plaintiff would so act.

37.   Plaintiff did in fact rely on the fraudulent and deceitful intentional misrepresentations of Defendants, and each of them, all to Plaintiff's detriment and injury.

38.  The intentional misrepresentations made by Defendants, and each of them, to Plaintiff were made with the intention of defrauding Plaintiff of his rights, causing Plaintiff mental, financial and bodily injury, depriving Plaintiff of property and otherwise causing him harm.

39.  The misrepresentations by Defendants, and each of them, to Plaintiff caused Plaintiff to delay prosecution of his legal rights under the instant action, all to the detriment of Plaintiff.

40.  As a result of the fraudulent conduct of Defendants, and each of them, Plaintiff was forced to expend additional time and effort in an attempt to recover money owed from Defendants.  As a further direct and proximate result of the aforementioned wrongful conduct, Plaintiff has incurred costs and expenses for prosecution of the present action, expert witness fees and attorney fees, as well as costs and expenses in prosecuting the present action, all in an amount not yet fully ascertained, but to be shown according to proof at trial.

41.  The aforementioned conduct of Defendants constituted intentional misrepresentations, deceit, and/or concealment of material facts known to the  Defendants, and each of them, thereby causing Plaintiff harm to Plaintiff's person and personal property, and depriving Plaintiff of use and enjoyment of property.

42.  Furthermore, Plaintiff is informed and believes that at all relevant times Defendants made all of the same or similar above-referenced intentional fraudulent and deceitful misrepresentations to the public, including Plaintiff.   At all such times, said Defendants **knew** said misrepresentations to be false. Said actions were performed with the

8

sole intent of deceiving members of the public, including Plaintiff. Defendants continue to make the same or similar misrepresentations to the public.

43. The fraudulent, intentional, callous, willful, wanton and oppressive acts of Defendants, as set forth herein-above, are sufficient to warrant the imposition of punitive and exemplary damages against Defendants in an amount sufficient to punish and make an example of them. The exact amount of such damages are presently unknown to Plaintiff, but will be subject to proof at trial.

**THIRD CAUSE OF ACTION**

**(COPYRIGHT INFRINGEMENT-VIOLATION OF 17 U.S.C §501 et**

**seq.)**

(Alleged Against Defendants ANDERSON, FILMHUB, DOES 1 through 25, inclusive **4** Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 43, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

45. Plaintiff is informed and believes, and thereupon alleges that as part of their above-referenced known and unknown **intentional** malicious and fraudulent misconduct, Defendants and each of them have willfully engaged in **hundreds** of unauthorized viewings of Plaintiff's copyrighted work in direct violation of 17 U.S.C. §501 et seq.

46. Each such unauthorized viewing perpetrated by Defendnants, and each of them, constitutes a separate violation under 17 U.S.C. §101 et seq.

47. Plaintiff is informed and believes, and thereupon alleges in spite of Defendants being advised effective May 24, 2024 of copyright violations, Defendants persisted in publishing and exploiting Plaintiff's copyrighted materials for their own personal profit through the present.

48. As a direct and proximate result of the unlawful actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff was caused to suffer, and continues to suffer severe emotional distress, embarrassment, shame, emotional

9

**COMPLAINT FOR DAMAGES**

pain and suffering, thereby causing Plaintiff to sustain general damage in an amount as yet unascertained but subject to proof.

49. As a further direct and proximate result of the unlawful actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has suffered loss of earnings, damage to business reputation, harm to her protected materials, loss of earning capacity, lost benefits and other financial harm, all in an amount as yet unascertained but subject to proof.

50. As a further direct and proximate result of the unlawful actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has become emotionally distressed and physically ill, all to Plaintiff's damage in an amount as yet unascertained but subject to proof.

51. As a further direct and proximate result of the unlawful actions undertaken and performed by the Defendants, and each of them, as set forth hereinabove, Plaintiff has been denied interest on the principal amounts of earnings to which she is due.

52. Plaintiff is informed and believes, and thereupon alleges, that Defendants acted against Plaintiff with intent to harm Plaintiff. Plaintiff is further informed and believes, and thereupon alleges, that Defendants' misconduct was approved and ratified by its corporate officers and managing agents. Such acts were done willfully, oppressively and maliciously and with the intent to injure and oppress Plaintiff and, by reason thereof, Plaintiff is entitled to exemplary damages in an amount as yet unascertained but sufficient to punish and make an example of Defendants, and each of them.

## FOURTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

(As Alleged Against All Defendants)

53. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 52, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

**COMPLAINT FOR DAMAGES**

54. On and before October, 2023, the Defendants, and each of them, owed Plaintiff a duty of Good Faith and Fair Dealing in entering into contracts or agreements with Plaintiff. As alleged herein, Defendants knowingly and intentionally breached said legal duty owed to Plaintiff.

55. Furthermore, at all times herein mentioned, the aforesaid duty of good faith and fair dealing reasonably required, inter alia, that Defendants, and each of them, attempt in good faith to act, and thereby to desist from certain prohibited practices relative to the protection of Plaintiff's rights and interests.

56. On and after June 13, 2024 and thereafter, Plaintiff submitted to Defendants a claim for damages, and requested payment of such damages by defendants under the aforesaid contracts.

57. Defendants, and each of them, breached their duty of good faith and fair dealing owed to Plaintiff by acting against Plaintiff's interests.

58. Defendants, and each of them, further breached their duty of good faith and fair dealing owed to Plaintiff by failing and refusing, without justification, to promptly return money and Property to Plaintiff, promptly return money taken from Plaintiff, or to pay any of the money owed to Plaintiff to compensate Plaintiff for Plaintiff's losses and damage sustained in the above-referenced incidents.

59. Defendants, and each of them, breached their duty of good faith and fair dealing owed to Plaintiff by intentionally misrepresenting to Plaintiff the true value of Plaintiff's property, and the actual value of Plaintiffs' losses.

60. In performing the aforementioned acts and omissions in violation of the implied covenant of good faith and fair dealing, Defendants, and each of them, acted both directly and through their agents, and DOES 1 through 25, inclusive, and each of them.

67. As a direct and proximate result of the aforementioned wrongful conduct by Defendants, and each of them, and by their agents, and DOES 1 through 25, inclusive, and each of them, Plaintiff has sustained mental anguish, and mental, emotional and physical pain

11

**COMPLAINT FOR DAMAGES**

and suffering, all to Plaintiff's general damage in an amount as yet unascertained, but subject to proof at trial.

68.   As a further direct and proximate result of the aforementioned wrongful conduct, Plaintiff has suffered, and will continue to suffer in the future, monetary damages, plus interest thereon, in an amount as yet not fully ascertained, but subject to proof at trial.

69.   As a further direct and proximate result of the aforementioned wrongful conduct, Plaintiff has incurred costs and expenses for prosecution of the present action, expert witness fees and attorney fees, as well as costs and expenses in prosecuting the present action, all in an amount not yet fully ascertained, but to be shown according to proof at trial.

70.  As a further direct and proximate result of the aforementioned wrongful conduct of Defendants, and each of them, Plaintiff has suffered additional extra-contractual and irreversible income loss, and loss of earnings, all in an amount as yet not fully ascertained, but subject to proof at trial.

71.  Plaintiff is informed and believes, and thereon alleges, that the aforementioned conduct of Defendants, and each of them, and by through their agents, and DOES 1 through 25, inclusive, and each of them, was malicious and oppressive and done with an intent to damage, hurt, vex, frustrate, and injure Plaintiff.  The afore-described conduct of Defendants has been knowingly performed for the purpose of delaying their claim long enough that they would give up pursuit of the claim, despite the fact that Plaintiff had a right to the benefits owed to them by Defendants.

72.  As a result of Defendants' intentional, malicious and oppressive conduct, Plaintiff is entitled to punitive and exemplary damages in an amount as yet unascertained, but sufficient to punish and make an example of defendants, and each of them.

73.  As a further direct and proximate result of the  defendants', and each of them, intentional, malicious and oppressive conduct, as alleged herein, Plaintiff was caused to suffer, and continue to suffer physical injuries, loss of appetite, sleeplessness, stress, mood

12

**COMPLAINT FOR DAMAGES**

swings, and thereby causing Plaintiff to sustain general damage in an amount as yet unascertained but subject to proof.

## FIFTH CAUSE OF ACTION

### (Conversion)

(Alleged Against All Defendants)

74. Plaintiff incorporates herein by reference paragraphs 1 through 73, inclusive, of this Complaint, as if set forth in full.

75. Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, engaged in conversion of Plaintiff's money and property.

76. Plaintiff herein further alleges that Defendants, and each of them, knowingly and intentionally converted money in the specific sum of $100,000.00 on or about June 13, 2024. Plaintiff is further informed and believes, and thereupon alleges, that between June, 2024 and August, 2024, the Defendants converted additional sums of money from Plaintiff believed to be in excess of $25,000.00.

77. As a direct and proximate result of the conduct of the Defendants, and each of them, Plaintiff has suffered, and will continue to suffer, substantial financial harm all to Plaintiff's damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law.

78. As a further result of the conduct of Defendants, and each of them, Plaintiff has been forced to expend additional time and effort in an attempt to recover money owed from Defendants. As a further direct and proximate result of the aforementioned wrongful conduct, Plaintiff has incurred costs and expenses for prosecution of the present action, expert witness fees and attorney fees all in an amount not yet fully ascertained, but to be shown according to proof at trial.

79. The intentional, callous, willful, wanton and oppressive acts of defendants, as set forth herein-above, are sufficient to warrant the imposition of punitive and exemplary damages against Defendants in an amount sufficient to punish and make an example of them.

The exact amount of such damages are presently unknown to Plaintiff, but will be subject to proof at trial.

## SIXTH CAUSE OF ACTION

**(Unfair Business Practices in Violation of Business and Professions Code §17200 et seq. )**

(As Alleged Against All Defendants)

80. Cross-Complainant incorporates herein by reference all the allegations set forth in paragraphs 1 through 79, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

81. On information and belief, Plaintiff alleges that he and the general public has been, are currently being, and will continue to be victimized by fraudulent, deceptive, unlawful and/or illegal business acts and practices by Defendants both alleged herein, and presently unknown.

82. On information and belief, Defendants have knowingly, maliciously and oppressively defrauded and extorted funds from members of the general public, and injured the financial condition of said members of the public.

83. Plaintiff bring this action pursuant to *Business & Professions Code* §§ 17200, 17300, 17535 and *Code of Civil Procedure* §§ 1021 and 1021.5 as a private attorney general, on behalf of, and for the benefit of, the general public.

84. Plaintiff further brings this cause of action as a class action on behalf of himself as an individual, and all others similarly situated, as members of a proposed class pursuant to California *Code of Civil Procedure Section 382*. The class satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements under those provisions.

85. Plaintiff further brings this action on behalf of himself, other customers of Defendants throughout the United States and/or California who have been, victims of such violations of intellectual property rightds by Defendants, and each of them.

14

**COMPLAINT FOR DAMAGES**

86. The classes are obviously so numerous that the individual joinder of all its members is impracticable. While the exact number and identities of class members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are millions of customers throughout California and the United States who are victims of identity theft and denied recovery of disputed fraudulent charges by Defendants. The identities of the class members can be ascertained through appropriate discovery, from records maintained by Defendants and their agents.

87. Common questions of fact and law exist as to all class members, which predominate over any questions affecting only individual members of the class.

88. The named Plaintiff's claims are typical of the claims of the class members, and the representative Defendants' interests are coincident with and not antagonistic to those of the other class members they seek to represent. Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex cases and consumer actions, and Plaintiff intends to prosecute this action vigorously.

89. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual litigation of the claims of all class members is impracticable. Even if every class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Plaintiff, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each class member.

90. Individual actions by class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other class

15

**COMPLAINT FOR DAMAGES**

members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

91. Defendants, by committing the acts alleged herein, have engaged in unlawful, unfair and deceptive business acts and/or practices that constitute unfair competition and practices within the meaning of *Business & Professions Code* §§ 17200, et seq.

92. Plaintiff and Class are informed and believe, and base thereon alleges, that Defendants' unfair acts as described above are a serious and continuing threat to Plaintiff and the public. If Defendants are allowed to continue its wrongful acts, Plaintiff and the public will suffer further immediate and irreparable injury, loss, and damage. Plaintiff is further informed and believes, and based thereon alleges, that, in the absence of a temporary restraining order and preliminary and permanent injunctions as prayed for below, Defendant will continue to engage in unfair business practices. Unless restrained by this court, Defendant will continue its illegal and fraudulent practices as alleged above, in violation of *Section 17200 of the Business and Professions Code*, and Plaintiff and members of the general public will have no adequate remedy at law in that individual suits for rescission and restitution will not be economically justified because of the potentially relatively small amounts that would be due to each customer, while additional suits under *Section 17200 of the Business and Professions Code* would lead to a multiplicity of judicial proceedings.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

(As Alleged Against All Defendants)

93. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 92, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

94. Because of the intentional and outrageous conduct of Defendants, and each of them, as described hereinabove, and as a legal result thereof, Plaintiff sustained severe emotional distress and mental suffering, all of which has caused, continues to cause, and will cause him great physical and mental pain and suffering, all to Plaintiff's damage in

16

an amount as yet unascertained, but subject to proof.  These damages have physically manifested in the form of physical illness, loss of sleep, anxiety, depression, headaches and other physical symptoms.  Accordingly, Plaintiff will seek prejudgment interest, pursuant to the provisions of California Civil Code, Section 3291.

95. The outrageous conduct of Defendants, and each of them, was intended to injure Plaintiff and to cause Plaintiff to suffer emotional distress.  The unlawful, malicious and oppressive actions of Defendants agents were ratified and approved by the remaining defendants, and each of them.

96.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, as more fully set forth hereinabove, during which Defendants, and each of them, were engaged in those acts and omissions alleged, they intentionally acted with malice, oppression and fraud toward Plaintiff, and with a conscious disregard for Plaintiff's rights, and business, financial and personal interests, all thereby causing Plaintiff extreme emotional distress, anxiety, worry and financial loss, all in an amount as yet not fully ascertained, but subject to proof at trial.

97.  Defendants' conduct, as alleged herein, was outrageous and done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff.

98.  Defendants' conduct was such as to constitute oppression, fraud or malice under Section 3294 of the California Civil Code, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.  Such conduct will be proved by Plaintiff by clear and convincing evidence.

## EIGHTH CAUSE OF ACTION

### (Negligence)

(Alleged Against All Defendants)

99.  Plaintiffs incorporate herein by reference paragraphs 1 through 98, inclusive, of this Complaint, as if set forth in full.

100.  Plaintiff is informed and believes, and thereon alleges, Plaintiff was furthered injured due to negligent acts or omissions by Defendants and/or their agents,

representatives or employees, and each of them.  Specifically, Defendants owed duties to Plaintiff, including a duty to protect Plaintiff's legal interests.  Defendants, and each of them, breached said duty/duties.

101.  As a direct and proximate result of the afore-described carelessness and negligence of the Defendants, and each of them, Plaintiff sustained the heretofore and hereinafter described injuries and damages.

102.  As a further direct and proximate result of the conduct of the Defendants, and each of them, Plaintiff was injured both financially and emotionally.  All of which said injuries have caused, and continue to cause Plaintiff great mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law.  Accordingly, Plaintiff will seek prejudgment interest, pursuant to the provisions of California Civil Code, §3291.

**WHEREFORE**, Plaintiff prays as follows:

1.  For the principal amount of the value of Plaintiff's claim, subject to proof at trial;

2.  For legal interest on the sum of Plaintiff's losses between October, 2023 and the present time, and continuing, according to proof;

3.  Plaintiff's losses between October, 2023 and the present time, and continuing, according to proof;

4.  For damages for lost income, according to proof;

5.  For special damages, according to proof;

6.  For general damages, according to proof;

7.  For pre-judgment interest;

8.  For punitive and/or exemplary damages;

18

**COMPLAINT FOR DAMAGES**

9.   For statutory damages according to proof;

10.  For such other and further relief as the court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to the entire action and all Claims for Relief as provided by California law and the United States Constitution.

DATE: May 28, 2026                    THE NOVAK LAW FIRM, P.C.


BY: _____
      SEAN M. NOVAK
      Attorney for Plaintiff
      JACKIE TRUMAN

19

**COMPLAINT FOR DAMAGES**